## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JONATHAN AGUILAR MARCOS,      :
                                    :

               *Petitioner,*       :

      v.                              :        2:26-cv-02087

                                      :

J.L. JAMISON, *et. al,*            :

                                      :

             *Respondents.*    :

## ORDER

AND NOW, this 6th day of April 2026, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1), and the Government's Response in Opposition (Dkt. 4), it is hereby ORDERED that Petitioner's Writ of Habeas Corpus (Dkt. 1) is GRANTED as follows:

1. The Government shall RELEASE Aguilar Marcos from custody **immediately** and certify compliance with this Court's Order by way of docket entry, no later than Wednesday, April 8th, 2026;

2. Upon release, the Government shall return all of Petitioner's personal belongings, including identification documents;

3. The Government is permanently enjoined from re-detaining Aguilar Marcos under 8 U.S.C. § 1225(b)(2);

4. Following his release from custody the Government is temporarily enjoined from re-detaining Aguilar Marcos for 7 days under 8 U.S.C. § 1226(a);

1

5.  If the Government chooses to re-detain Aguilar Marcos under 8 U.S.C. § 1226(a) after the above mentioned 7-day period, it must provide him with a timely bond hearing so that an appropriate tribunal may assess whether he is a flight risk or if he poses a danger to the community;

6.  In the event of such bond hearing, the Government SHALL NOT remove, transfer, or otherwise facilitate the removal of Aguilar Marcos from the Commonwealth of Pennsylvania, except as temporarily needed to facilitate the bond hearing and/or removal proceedings. If, after a bond hearing, it is determined that Aguilar Marcos is a danger to the community or a flight risk and that continued detention is proper, the Government may request permission of the Court to move Aguilar Marcos if unforeseen or emergency circumstances so require. Any such request must include an explanation for the request as well as the proposed destination.[1]

Petitioner may move to reopen this matter for any violations of this Order.

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

[1]    For the reasons articulated by Judge Wolson in *Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025), the appropriate habeas relief in this matter is immediate release.

To the extent Petitioner seeks costs and reasonable attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d)(1)(A), those fees must be sought by way of separate motion. Fed. R. Civ. P. 54(d); 28 U.S.C. §2412(d)(1)(B); *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418 (3d Cir. 2026) (holding that the EAJA applies to habeas challenges to immigration detention under 28 U.S.C. § 2241). This matter will be administratively closed upon receipt of the Government's notice of compliance. However, administrative closure does not impact the 30-day timeline to file a motion for attorney's fees under 28 U.S.C. §2412(d)(1)(B).